UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIE ARNOLD,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTHEM INC.,<br><br>    Defendant. | Case No. 18-CV-02981-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**<br><br>Re: Dkt. No. 48 |

Plaintiff Marie Arnold ("Arnold"), proceeding *pro se*, brings suit in relation to a data breach of Defendant Anthem Inc.'s ("Anthem") records. Before the Court is Anthem's motion to dismiss Arnold's first amended complaint. ECF No. 48 ("Mot."). Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Anthem's motion to dismiss with prejudice.

**I.   BACKGROUND**

   **A. Factual Background**

Arnold's First Amended Complaint ("FAC") is difficult to decipher, but at bottom, Arnold is litigating "Defendant['s] breach of contract [through a] data breach." FAC at 7-8. Arnold makes multiple mentions of "Case No. 15-MD-02617-LHK," and has attached to her complaint claim

forms from Case No. 15-MD-02617-LHK that Arnold and her family members received. *See, e.g.*, *id.* at 8, Ex. A. Case No. 15-MD-02617-LHK is a case captioned *In re Anthem, Inc. Data Breach Litigation*, which has been litigated to finality in a class-wide settlement. *See, e.g.*, *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299 (N.D. Cal. 2018) ("*In re Anthem*") (certifying a settlement class and granting final approval of a settlement). The underlying *Anthem* multidistrict litigation has its roots in a data breach of the Anthem data warehouse caused by hackers (hereinafter the "Anthem data breach"). *Id.* at 308. These hackers hacked into the Anthem data warehouse at some point between December 10, 2014, and February 4, 2015, which "resulted in the electronic theft of personally identifiable information and personal health information of, by one estimate, some 80 million current and former health insurance plan members." *Id.* Arnold appears to be one of the health insurance plan members affected by the Anthem data breach. *See, e.g.*, FAC at 4[1] ("Plaintiff indeed had normal life until **breach of medical records**, [sic] all her sensitive psy [sic] records got expose [sic] by cyber attack" (emphasis in original)).

### B. Procedural History

The Court first briefly explains the procedural history of the Anthem data breach litigation, then proceeds to discuss the instant case filed by Arnold.

#### 1. Anthem Data Breach Litigation

On June 8, 2015, the United States Judicial Panel on Multidistrict Litigation consolidated 17 actions filed in different districts, all related to the Anthem data breach, into one multidistrict litigation case litigated before this Court. *In re Anthem, Inc., Customer Data Sec. Breach Litig.*, 109 F. Supp. 3d 1364, 1365 (U.S. Jud. Pan. Mult. Lit. 2015). The consolidated *Anthem* multidistrict litigation litigated negligence claims, breach of contract claims, and various statutory consumer protection and data-breach claims, all related to the Anthem data breach. *In re Anthem*, 327 F.R.D. at 308.

---

[1] Arnold's first amended complaint lacks internal page numbers. For the purposes of referring to Arnold's first amended complaint, the Court cites to the ECF-generated pagination. Otherwise, the Court cites to internal pagination.

2
Case No. 18-CV-02981-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

On August 15, 2018, this Court certified the following class for settlement purposes:

> All individuals whose Personal Information was maintained on Anthem's Enterprise Data Warehouse and are included in Anthem's Member Impact Database and/or received a notice relating to the Data Breach; provided, however, that the following are excluded from the Settlement Class: (i) Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly opts-out from the Settlement Class.

*Id.* at 306-07. The Court held that the settlement class met the requirements of Federal Rule of Civil Procedure 23(a), and also the requirements of Federal Rule of Civil Procedure 23(b)(3). *Id.* at 311, 315-16. Also on August 15, 2018, the Court granted final approval of the settlement. *Id.* at 327.

A release provision was part of the settlement agreement approved by the Court. The release stated:

> As of the Effective Date, all Settlement Class Representatives and all Settlement Class Members absolutely and unconditionally release and discharge any and all Released Claims against each and every Defendant, their current, former, and future Affiliates, Parents, and Subsidiaries, and every other person or entity.

Case No. 15-MD-02617-LHK, ECF No. 869-8 at 24. "Released Claim" was further defined as:

> [A]ny claim, liability, right, demand, suit, obligation, damage, including consequential damages, losses or costs, punitive damages, attorneys' fees and costs, actions or causes of action, of every kind or description—whether known or Unknown . . ., suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory, or equitable—relating to or arising from any of the facts alleged in any of the Actions.

*Id.* at 7. Thus, the release broadly covers "any claim . . . whether known or Unknown" relating to the Anthem data breach. *Id.*

### 2. The Instant Action

On May 21, 2018, Arnold filed a complaint. ECF No. 1. On June 29, 2018, Arnold was granted leave to proceed *in forma pauperis*. ECF No. 13. On October 29, 2018, Arnold was granted leave to file a first amended complaint. ECF No. 35. Arnold filed her first amended

3
Case No. 18-CV-02981-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

complaint on October 29, 2018. ECF No. 36. On November 13, 2018, Arnold's action was deemed related to the *In re Anthem* multidistrict litigation discussed above, Case No. 15-MD-02617-LHK. ECF No. 44.

On November 14, 2018, Anthem filed the instant motion to dismiss Arnold's first amended complaint. ECF No. 48. On November 27, 2018, Arnold filed her opposition to Anthem's motion to dismiss. ECF No. 58 ("Opp."). On December 5, 2018, Anthem filed its reply. ECF No. 67 ("Reply").

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The U.S. Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in

4

the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

### III. DISCUSSION

Anthem moves to dismiss on three grounds. First, Anthem believes that claim preclusion bars Arnold's action. Mot. at 3. Second, Anthem argues that the first amended complaint fails to meet Federal Rule of Civil Procedure 8's pleading standards because it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 5. Third, Anthem asserts that the Court should exercise its authority to dismiss the first amended complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *Id.* at 7. The Court determines that Anthem's claim preclusion argument is dispositive. Therefore, the Court only addresses claim preclusion and need not address Anthem's second and third arguments in Anthem's motion to dismiss. However, were the Court to reach Anthem's second argument, the Court agrees that

Arnold has failed to state a claim. Moreover, the first amended complaint is hard to decipher. For example, in the first amended complaint, Arnold alleges "FDA and recalls are not updating recalls. The water company neglecting to run quality water, therefore SSA and SSI customers are in danger in society . . . . The government who uses PMR transmission radio frequency to broadcast your personal life." FAC at 6.

### A. Claim Preclusion

Anthem argues that Arnold's action is barred by claim preclusion resulting from the settlement of the *In re Anthem* multidistrict litigation case. Mot. at 3. Though Arnold's opposition is as difficult to decipher as her first amended complaint, the Court gleans from the opposition that Arnold believes her claims are not barred because "Plaintiff has filed complaint on Anthem Inc. claim May.21,2018 [sic] in SF Federal [sic] in a civil action commencing [sic]. Defendant did not get approval for Settlement until August.15,2018 [sic]." Thus, the Court believes that Arnold is arguing that because she filed her case before the Court granted final settlement approval in the *In re Anthem* multidistrict litigation case, Arnold may proceed with her action. However, the Court agrees with Anthem that claim preclusion bars Arnold's action here.

Res judicata, or claim preclusion, applies when three requirements are satisfied: (1) the prior proceeding resulted in a final judgment on the merits; (2) the present action involves substantially the same claims or causes of action as the prior proceeding; and (3) the party to be precluded was a party or in privity with a party to the prior proceeding. *See Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). The Court addresses each prong in turn.

#### 1. Whether the *In re Anthem* Multidistrict Litigation Resulted in a Final Judgment on the Merits

It is established law that "a class settlement resulting in final judgment is sufficient to meet the final and on the merits element of res judicata." *Rangel v. PLS Check Cashers of California, Inc.*, 899 F.3d 1106, 1110 (9th Cir. 2018); *see also Gorton v. Wells Fargo Bank NA*, 2012 WL 12887063, at *3 (C.D. Cal. Nov. 27, 2012) ("Res judicata is no less applicable where the judgment to be given preclusive effect results from a class action settlement."). The prior *In re Anthem*

multidistrict litigation resulted in a final judgment on the merits because the Court granted final approval to the settlement, and then entered judgment. *In re Anthem*, 327 F.R.D. at 327 (granting final settlement approval); Case No. 15-MD-02617-LHK, ECF No. 1048 at 1 (entering final judgment). Thus, there was both a class settlement and a final judgment. Therefore, the first prong of the claim preclusion test is met here.

### 2. Whether the Present Action Involves Substantially the Same Claims or Causes of Action as the *In re Anthem* Multidistrict Litigation

"When the prior proceeding that is alleged to have preclusive effect is a class action settlement, this 'same cause of action' inquiry looks first to the release contained in the prior proceeding's settlement agreement." *Raquedan v. Centerplate of Delaware Inc.*, 2018 WL 3368820, at *6 (N.D. Cal. July 10, 2018). "Specifically, the preclusive effect of the prior class action settlement extends to all causes of action that were released by the prior proceeding's settlement agreement *so long as* those causes of action are 'based on the identical factual predicate as that underlying the claims in the settled class action.'" *Id.* (quoting *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010)).

As aforementioned, the release provisions of the settlement agreement in the *In re Anthem* multidistrict litigation released:

> [A]ny claim, liability, right, demand, suit, obligation, damage, including consequential damages, losses or costs, punitive damages, attorneys' fees and costs, actions or causes of action, of every kind or description—whether known or Unknown . . ., suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory, or equitable—relating to or arising from any of the facts alleged in any of the Actions

Case No. 15-MD-02617-LHK, ECF No. 869-8 at 7.

Here, the facts underpinning Arnold's first amended complaint are identical to those underlying the claims settled in the *In re Anthem* multidistrict litigation. The *In re Anthem* multidistrict litigation was predicated on the fact that hackers accessed the Anthem data warehouse and stole the personal health information of millions of people. *In re Anthem*, 327 F.R.D. at 308. Likewise, Arnold's first amended complaint explicitly mentions the "Anthem Inc

7
Case No. 18-CV-02981-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

Data Breach Litigation" in her statement of facts, and mentions the "cyber attack" that exposed medical records. *See* FAC at 2, 4. Arnold even attaches the claim forms sent to her and her family members in the *In re Anthem* multidistrict litigation as part of her first amended complaint. *Id.* at Ex. A. Furthermore, as additional evidence of the overlap between the cases, Arnold has filed a motion to consolidate the instant case with the *In re Anthem* multidistrict litigation. ECF No. 60. Also, in the first amended complaint's prayer for relief, Arnold states: "Plaintiff request Administrative to included everyone in Class Action binding proposal in writing due deadline. If not meet binding to relate case to **15-MD-02617-LHK.** Prefer to do separate claim." FAC at 8 (emphasis in original).

Because the *In re Anthem* multidistrict litigation and Arnold's case are based on the identical factual predicate, the release provision of the settlement agreement covers Arnold's breach of contract claim. In fact, both Arnold and the *In re Anthem* multidistrict litigation plaintiffs allege breach of contract claims based on the Anthem data breach. *Id.* Because the instant action involves substantially the same claims or causes of action as the previous *In re Anthem* multidistrict litigation case, the second prong of the claim preclusion test is met here.

### 3. Whether Arnold was a Party or in Privity with a Party to the *In re Anthem* Multidistrict Litigation

A plaintiff becomes a party to a prior proceeding that ended in settlement if that plaintiff was a member of the settlement class and did not opt out of the settlement. *Rangel*, 899 F.3d at 1111; *see also Adlao v. JPMorgan Chase & Co.*, 2012 WL 12921324, at *2 (N.D. Cal. May 2, 2012) ("This Order shall have the force and effect of res judicata as to each [] Class Member who did not timely opt out of the Settlement."). Here, Arnold was undoubtedly a member of the *In re Anthem* multidistrict litigation class as she attached a mailed claim form addressed to her from the *In re Anthem* multidistrict litigation to her amended complaint. *See* FAC at Ex. A. Arnold did not opt out of the class. Case No. 15-MD-02617-LHK, ECF No. 1041 at Ex. C. Thus, Arnold was a party to the *In re Anthem* multidistrict litigation. Hence, the third prong of the claim preclusion test is met here.

### 4. Summary

Arnold's action is barred by claim preclusion because: (1) the *In re Anthem* multidistrict litigation resulted in a final judgment on the merits; (2) Arnold's action involves substantially the same claims as the *In re Anthem* multidistrict litigation case claims; and (3) Arnold was a party to the *In re Anthem* multidistrict litigation. Therefore, the Court GRANTS Anthem's motion to dismiss.

Courts have denied leave to amend "on grounds that Plaintiffs' claims are extinguished and dismissed with prejudice by the settlement and Order of Final Judgment." *Perron v. Hewlett-Packard Co.*, 2011 WL 1748431, at *7 (N.D. Cal. May 6, 2011). Here, the Court finds that any amendment would be futile because the *In re Anthem* multidistrict litigation's waiver provision waived "any claim, liability, right, demand, suit, obligation, damage, including consequential damages, losses or costs, punitive damages, attorneys' fees and costs, actions or causes of action, of every kind or description—whether known or Unknown" that arose out of the Anthem data breach. Case No. 15-MD-02617-LHK, ECF No. 869-8 at 7; *see also Leadsinger*, 512 F.3d at 532 (holding that futility is a permissible ground to deny leave to amend). Moreover, dismissal without prejudice would be unduly prejudicial to Anthem as it would require Anthem to relitigate a case it has already settled and in which final judgment has already been entered. *Leadsinger*, 512 F.3d at 532. Thus, the motion to dismiss is granted with prejudice.

### IV. CONCLUSION

For the foregoing reasons, Anthem's motion to dismiss is GRANTED with prejudice.

**IT IS SO ORDERED.**

Dated: March 5, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge